Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL III

| | | |
|---|---|---|
| JOSÉ ANTONIO MARRERO MARRERO<br><br>**Recurrente**<br><br>Vs.<br><br>JUNTA DE RETIRO DEL GOBIERNO DE PUERTO RICO<br><br>**Recurrida** | TA2025RA00403 | *REVISIÓN ADMINISTRATIVA* procedente de la Junta de Retiro del Gobierno de Puerto Rico<br><br>Caso Núm.<br>2025-0014<br><br>Sobre:<br>Reajuste de Pensión |

Panel integrado por su presidente, el Juez Hernández Sánchez, el Juez Rivera Torres y el Juez Marrero Guerrero

Hernández Sánchez, Juez Ponente

### SENTENCIA

En San Juan, Puerto Rico, a 29 de enero de 2026.

El 15 de diciembre de 2025, el Sr. José Antonio Marrero Marrero (señor Marrero o el recurrente) compareció ante nos mediante un *Recurso de Revisión* y solicitó la revisión de una *Resolución* que se emitió el 15 de octubre de 2025 y se notificó el 16 de octubre de 2025 por la Junta de Directores de la Junta de Retiro (la Junta de Directores). Mediante el aludido dictamen, la Junta de Directores determinó que carecía de jurisdicción para atender la apelación presentada por el recurrente, y, en consecuencia, ordenó el archivo con perjuicio del recurso.

Por los fundamentos que expondremos a continuación, **desestimamos** el recurso por falta de jurisdicción.

I.

El 24 de octubre de 2024, el señor Marrero presentó ante la Junta de Retiro del Gobierno de Puerto Rico (la Junta de Retiro o la recurrida) una *Solicitud de Pensión* junto con una *Solicitud de Reembolso del Balance del Nuevo Plan de Aportaciones Definidas en un (1) solo pago (distribución total).*[1] Posteriormente, en comunicación

---

[1] *Véase*, Entrada Núm. 1 del apéndice del recurso, SUMAC TA.

escrita y fechada para el 14 de febrero de 2025, el Área de Servicios al pensionado le notificó al recurrido que su pensión de Ley Núm.447 de 15 de mayo de 1951, según enmendada, conocida como *Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico*, 3 LPRA sec. 761, *et seq*. (Ley Núm. 447), había sido aprobada por una mensualidad de $1,400.39, la cual devengaría a partir del 28 de febrero de 2025.[2] Además, la misiva le advirtió lo siguiente:

> "De usted no estar conforme podrá, dentro del término de veinte (20) días a partir de la notificación de la determinación, presentar una Moción de Reconsideración ante el Director Ejecutivo de la Junta de Retiro. Si el Director Ejecutivo la rechazare de plano o no actuare dentro de los quince (15) días, podrá presentar una Apelación a la Junta de Retiro dentro de un término de treinta (30) días contados a partir de la notificación de la denegatoria de Reconsideración o a partir de que hayan transcurrido los quince (15) días si el Director Ejecutivo no actuare sobre la solicitud de Reconsideración."

En desacuerdo con la determinación recibida, el 7 de marzo de 2025, el recurrente presentó una *Reconsideración a Determinación de Pensión* impugnando la pensión calculada.[3] A tales efectos y mediante comunicación escrita, la Junta de Retiro le notificó el 18 de marzo de 2025, con depósito en correo el 19 de marzo de 2025, que la solicitud de reconsideración presentada fue evaluada y que la pensión fue computada correctamente.[4] Adicional a ello le advirtió lo siguiente:

> De no estar de acuerdo con esta determinación podrá presentar un escrito de apelación ante la Secretaría de la Junta de Retiro en un término de treinta (30), contados a partir de la fecha en que se le notifique esta determinación. A estos efectos, **incluimos el Pliego de Advertencias y Reglas Generales que aplican para las solicitudes de reconsideración o apelación**.[5]

Inconforme con el resultado de la reconsideración, el 26 de abril de 2025, el recurrente envió, por correo postal, un formulario de apelación que fue recibido por la Junta de Directores el 29 de abril de 2025.[6] Mediante este escrito, el señor Marrero sostuvo no estar de

---

[2] *Véase*, Entrada Núm. 2, Anejo 3 del apéndice del recurso, SUMAC TA.
[3] *Véase*, Entrada Núm. 2, Anejo 4 del apéndice del recurso, SUMAC TA.
[4] *Véase*, Copia Certificada del Expediente Administrativo.
[5] *Íd*.
[6] *Véase*, Entrada Núm. 2, Anejo 5 del apéndice del recurso, SUMAC TA.

acuerdo con el cómputo de su pensión debido a que, a su entender, no se calculó conforme a la Ley Núm. 40-2020, *supra*. En respuesta, el 15 de mayo de 2025, la Junta de Retiro presentó una *Moción de Desestimación y Contestación a la Apelación,* en la que alegó que la apelación del recurrente fue inoportuna y que debido a ello la Junta de Directores carecía de jurisdicción para atender el recurso.[7]

Luego de varios incidentes procesales, el 8 de agosto de 2025, la Junta de Directores señaló una vista para el 26 de agosto de 2025, con el propósito de atender el asunto de la jurisdicción. Celebrada la vista administrativa y evaluados los argumentos y documentación en el expediente, la Junta de Directores emitió una *Resolución* el 15 de octubre de 2025, notificada el 16 de octubre de 2025. [8]  En primer lugar, formuló las siguientes determinaciones de hechos:

[…]

3. En comunicación escrita fechada el 14 de febrero de 2025, el Área de Servicios al Pensionado le notificó al señor Marrero lo siguiente:

*[…]*

*Deseamos informarle que su Pensión de la Ley 447 ha sido aprobada. Su retiro fue efectivo el 16 de enero de 2025 y su pensión mensual será de $1,400.39, cantidad que incluye la anualidad híbrida. Comenzará a recibir su pensión el 28 de febrero de 2025. En caso de que corresponda, usted recibirá un pago retroactivo calculado desde la fecha de efectividad de su pensión hasta que la misma sea ingresada en nómina.*

*De usted no estar conforme podrá, dentro del término de veinte (20) días a partir de la notificación de la determinación, presentar una Moción de Reconsideración ante el Director Ejecutivo de la Junta de Retiro. Si el Director Ejecutivo la rechazare de plano o no actuare dentro de los quince (15) días, podrá presentar una Apelación a la Junta de Retiro dentro de un término de treinta (30) días contados a partir de la notificación de la denegatoria de Reconsideración o a partir de que hayan transcurrido los quince (15) días si el Director Ejecutivo no actuare sobre la solicitud de Reconsideración.*
*[…]*

---

[7] *Véase,* Copia Certificada del Expediente Administrativo.
[8] *Véase,* Anejo 1 del apéndice 2 del recurso, SUMAC TA.

4. Inconforme con la determinación recibida, el señor Marrero solicitó reconsideración mediante carta fechada el 7 de marzo de 2025. En la misma, como policía retirado alegó que la pensión asignada de $1,400.39 no refleja correctamente el 50% de su retribución promedio, conforme a lo dispuesto en la Ley 42-2024, que enmienda la Ley de Máquinas de Juegos de Azar y la Ley del Fideicomiso para Retiro de los Policías. Solicitó que se revisara y se ajustara la pensión de acuerdo con los parámetros de dicha ley, poyándose en la documentación de su expediente en la Junta de Retiro, que incluye evidencia de su salario y otros documentos que acreditan su retribución promedio durante 38 años de servicio. Asimismo, indicó que la notificación recibida por correo carecía de matasellos y no contenía instrucciones para presentar la reconsideración por correo certificado, quedando a la espera de la resolución conforme a la Ley 42-2024.

5. Mediante comunicación escrita con fecha del 18 de marzo de 2025, depositada en el correo postal el 19 de marzo de 2025, el Área de Servicios y Beneficios de la Junta de Retiro le notificó al señor Marrero lo siguiente:

> *Reciba un cordial saludo de todos los que laboramos en la Junta de Retiro del Gobierno de Puerto Rico, Nos comunicamos con usted en contestación a su solicitud de reconsideración de la determinación de pensión, fechada 7 de marzo de 2025.*
>
> *En su comunicación, solicita una revisión de pensión y que se ajuste a los parámetros establecidos por la Ley 40-2020. Le informamos que dicha ley se encuentra en su fase de implementación y que tanto el Gobierno de Puerto Rico y la Junta de Supervisión Fiscal están trabajando conjuntamente para llevarla a cabo lo antes posible.*
>
> *Adicionalmente, la Ley 40-2020 establece unos plazos de tiempo determinados y unos balances de dinero necesarios para la distribución del beneficio a los miembros elegibles. Es importante informarle que el cálculo de la pensión de Retiro al amparo de la Ley vigente, es independiente del cálculo de la pensión que se hará al amparo de la Ley 40-2020, según enmendada. Por lo tanto, su pensión fue computada correctamente.*
>
> *De no estar de acuerdo con esta determinación podrá presentar un escrito de apelación ante la Secretaría de la Junta de Retiro e un término de treinta (30) días, contados a partir de la fecha en la que se le notifique esta determinación. A esos efectos, incluimos el Pliego de Advertencias y Reglas Generales que aplican para solicitudes de reconsideración o apelación.*

6. En desacuerdo con la determinación emitida, el señor Marrero remitió por correo postal el 26 de abril de 2025

una <<Solicitud de Apelación>>, la cual fue recibida en la Secretaría de la Oficina de Asuntos Adjudicativos de la Junta de Retiro el 29 de abril de 2025. En su escrito, solicitó la revisión de la cantidad determinada de pensión, alegando que la misma no se ajusta a lo dispuesto en la Ley Núm. 40-2020, según enmendada en el año 2024. Sostuvo, además, que dicha ley fue enmendada con el propósito de conceder una pensión mayor, conforme al sueldo devengado al momento de su retiro.
[...]

36. El 20 de agosto de 2025, la parte Apeada presentó <<Moción en Cumplimiento de Orden>>, en la que alegó que, conforme a la orden emitida el 19 de agosto de 2025, de los documentos sometidos por la parte Apelante particularmente el Anejo 3 de su Moción surge que la determinación en reconsideración fue notificada mediante correo certificado el 19 de marzo de 2025, con la debida advertencia sobre los términos para la apelación fue remitida el 26 de abril de 2025 y recibida el 29 de abril de 2025, fuera del término jurisdiccional de treinta (30) días. En cuanto a lo alegado sobre la carta del 14 de febrero de 2025 y la ausencia de matasellos, indicó que dicha comunicación contenía todas las advertencias pertinentes y que, en todo caso, la reconsideración fue atendida y contestada oportunamente por retiro, por lo que no existe controversia sobre ese particular. En consecuencia, plantó que este Honorable Foro carece de jurisdicción para atender el caso y solicitó su desestimación.

37. El 26 de agosto de 2025, la parte Apelante presentó <<Escrito Sometiendo Evidencia de Rastreo o Tránsito de Correo y Otros para Mayor Comprensión de Controversia Jurisdiccional>>, refutando la alegación de falta de jurisdicción al sostener que su recurso fue radicado oportunamente, pues el término jurisdiccional se interrumpe con el depósito del escrito en el correo certificado con acuse de recibo, conforme a la Regla 13 del Reglamento del Tribunal de Apelaciones y al jurisprudencia aplicable, independientemente de la fecha de recepción física. Expuso que presentó reconsideración el 7 de marzo de 2025 y depositó el formulario de reconsideración o apelación el 26 de abril de 2025, ambos dentro del término como lo evidencian los matasellos y números de rastreo de los anexos presentados: Anejo 1, carta informativa del 14 de febrero de 2024; Anejo 2, carta de reconsideración del 7 de marzo de 2025 con rastreo postal; Anejo 3, notificación del 18 de marzo de 2025 recibida el 27 de marzo con evidencia de rastreo; y Anejo 4, formulario de reconsideración o apelación depositado el 26 de abril de 2025 con evidencia de correo. Señaló que las notificaciones de la Junta fueron debidamente atendidas y que la radicación del 26 de abril fue tempestiva. Reiteró que cualquier argumento basado en tecnicismos o en la supuesta falta de matasello resulta arbitrario, induce a error y vulnera el debido proceso y garantías constitucionales. Por ello, solicitó que se incorpore la evidencia al expediente administrativo y se continúe con el trámite adjudicativo conforme a derecho.

[...]

Luego, sostuvo que, el Art. 4-102 de la Ley Núm. 447, 3 LPRA sec. 776, establecía que la apelación debía formalizarse mediante la presentación de un escrito de apelación ante el Secretario de la Junta de Retiro dentro del término de treinta (30) días contados a partir de la fecha en que la decisión inicial del Director Ejecutivo, adviniera final y firme, o desde la fecha en que se depositara en el correo su determinación final emitida en reconsideración.

Asimismo, indicó que, por su parte, la Regla 2.08 del Reglamento Núm. 9614, también conocido como *Reglamento de Asuntos Adjudicativos de la Junta de Retiro del Gobierno de Puerto Rico* aprobado el 6 de noviembre de 2024 (Reglamento Núm. 9614), disponía que el escrito de apelación debía presentarse dentro de un término jurisdiccional de treinta (30) días a partir de la notificación de la determinación final emitida por el Director Ejecutivo o por la persona en quien este le hubiese delegado dicha facultad. Además, añadió que dicha disposición exponía que la fecha de presentación del recurso sería aquella que constara en el sello de la Secretaría, en el sello del Servicio Postal de los Estados Unidos que figurara en el sobre de envío o en la fecha y hora indicada en el correo electrónico, según el método de radicación utilizado por la parte apelante.

Considerando lo anterior, puntualizó que, del récord administrativo surgía que la Junta de Retiro denegó el reajuste de pensión el 14 de febrero de 2025 y que el señor Marrero presentó una reconsideración el 7 de marzo de 2025. Además, señaló que, posteriormente, el Director Ejecutivo emitió su determinación final el 18 de marzo de 2025, la cual fue depositada en el correo el 19 de marzo de 2025, con las advertencias legales correspondientes. En vista de lo anterior, concluyó que, el señor Marrero tenía hasta el 6 de marzo de 2025 para presentar su escrito de reconsideración y hasta el 18 de abril de 2025, para presentar su escrito de apelación. Sin embargo, indicó que, el escrito de apelación fue depositado en el correo postal el 26 de abril de 2025.

Así pues, expresó que, conforme al cómputo de los términos aplicables, la reconsideración y la apelación se presentaron fuera de los términos dispuestos por la Ley Núm. 447, *supra*, y el Reglamento Núm. 9614, *supra*. Asimismo, añadió que, las notificaciones fueron enviadas correctamente a la dirección de récord del recurrente y contenían las advertencias legales pertinentes. Así pues, resolvió que carecía de jurisdicción para atender la controversia en sus méritos, por lo que procedía el archivo del caso con perjuicio.

Inconforme con esta determinación, el 31 de octubre de 2025, el recurrente presentó una solicitud de reconsideración. Transcurridos quince (15) días sin respuesta a la reconsideración solicitada, el 15 de diciembre de 2025, el recurrente presentó el recurso de epígrafe y formuló el siguiente señalamiento de error:

> **Erró la Junta de Retiro al no acoger la apelación del peticionario al alegar que no tenía jurisdicción debido a la radicación tardía de la solicitud del Sr. Marrero en dos instancias. El archivo del caso no procede en derecho debido a la notificación defectuosa que recibió el Sr. José Marrero Marrero cuando le informaron por carta la pensión que iba a recibir.**

Atendido el recurso, le concedimos a los recurridos hasta el 9 de enero de 2026, para presentar su posición en cuanto al recurso. Oportunamente, el 23 de diciembre de 2025, los recurridos solicitaron una prórroga para presentar su oposición al recurso. Mediante *Resolución* de 7 de enero de 2025, declaramos Ha Lugar dicha solicitud y le concedimos hasta el 15 de enero de 2026 para presentar su alegato y una copia certificada del expediente administrativo.

En cumplimiento con nuestra orden, la Junta de Retiro nos remitió una copia certificada del expediente administrativo. Además, presentaron su *Alegato de la Parte Recurrida* y negaron que la Junta Directores cometiera el error que el señor Marrero le imputó.[9] Con el

---

[9] Nótese que, en la página 18 de su escrito, la recurrida hace referencia a la Ley Núm. 261-2000 y las enmiendas que esta contiene relacionadas a la Ley Núm. 447, *supra*, en específico sobre el Art. 7-103 (11). Es pertinente aclarar que el inciso citado fue derogado por la Ley Núm. 106-2017.

beneficio de la comparecencia de ambas partes, procedemos a atender el asunto ante nos. *Veamos.*

## II.

### -A-

La doctrina de revisión judicial nos encomienda "examinar si las decisiones de las agencias administrativas fueron hechas dentro de los poderes delegados y son compatibles con la política pública que las origina". *Rolón Martínez v. Supte. Policía,* 201 DPR 26, 35 (2018). Al efectuar tal encomienda, debemos "otorgar amplia deferencia a las decisiones de las agencias administrativas". *Vázquez v. Consejo de Titulares*, 2025 TSPR 56, 215 DPR ___ (2025).

La normativa jurisprudencial ha reiterado que existe en el derecho puertorriqueño una presunción de legalidad y corrección a favor de los procedimientos y decisiones realizadas por las agencias administrativas. *Rolón Martínez v. Supte. Policía, supra,* pág. 35. Lo anterior responde a la experiencia y pericia que se presume tienen dichos organismos para atender y resolver los asuntos que le han sido delegados. *Vázquez v. Consejo de Titulares,* supra.

Así, el estado de derecho vigente nos impone otorgarle deferencia a la agencia administrativa, siempre que la parte que la impugne no demuestre evidencia suficiente que rebata la presunción de legalidad y corrección. *Katiria's Café, Inc. v. Municipio Autónomo de San Juan,* 2025 TSPR 33, 215 DPR ___ (2025). Por lo tanto, al realizar nuestra función revisora debemos enfocarnos en determinar si la agencia administrativa: (1) erró en aplicar la ley; (2) actuó arbitraria, irrazonable o ilegalmente; y (3) si lesionó derechos constitucionales fundamentales. *Torres Rivera v. Policía de PR,* 196 DPR 606, 627-628 (2016).

De este modo, si al realizar nuestra función revisora no nos encontramos ante alguna de las situaciones previamente mencionadas, tenemos el deber de validar la determinación realizada por la agencia administrativa. Íd. Ello, aun cuando exista más de una interpretación

posible en cuanto a los hechos. Íd., pág. 627. Ahora bien, es preciso recordar que las conclusiones de derecho, por el contrario, serán revisables en todos sus aspectos. Sección 4.5 de la Ley Núm. 38-2017, según enmendada, mejor conocida como *Ley de Procedimiento Administrativa Uniforme del Gobierno de Puerto Rico* (LPAUG), 3 LPRA sec. 9675.

Ahora bien, la Sección 4.2 de la LPAUG, 3 LPRA sec. 9672, delimita el alcance de la revisión judicial de las decisiones administrativas y dispone que la revisión administrativa ante el Tribunal de Apelaciones se hará respecto a las órdenes o resoluciones finales, luego de que el recurrente haya agotado todos los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente.

Cónsono con lo anterior, nuestro más alto foro ha expresado que una orden o resolución final es aquella que culmina el procedimiento administrativo, tiene efectos sustanciales sobre las partes y resuelve todas las controversias ante la agencia, les pone fin, sin dejar pendiente una para ser decidida en el futuro. *Comisionado Seguros v. Universal,* 167 DPR 21, 29 (2006). Por su parte, la LPAUG no define expresamente el término "orden o resolución final". Sin embargo, la Sec. 3.14 de la referida ley, 3 LPRA sec. 9654, dispone que **una orden o resolución final debe incluir determinaciones de hecho y las conclusiones de derecho que fundamentan la adjudicación y la advertencia del derecho a solicitar una reconsideración o revisión, según sea el caso.** (Énfasis suplido).

**-B-**

La jurisdicción es la autoridad que posee un tribunal o un foro administrativo para considerar y adjudicar determinada controversia o asunto. *Pérez López y otros v. CFSE,* 189 DPR 877, 882 (2013). La falta de jurisdicción trae consigo las consecuencias siguientes:

(a) no es susceptible de ser subsanada; (b) las partes no pueden voluntariamente conferírsela a un tribunal, como tampoco puede este arrogársela; (c) conlleva la nulidad de los dictámenes emitidos; (d) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (e) impone a los tribunales apelativos el deber de examinar la jurisdicción del foro de donde procede el recurso; y (f) puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal motu proprio. *MCS Advantage v. Fossas Blanco et al.*, 211 DPR 135, 145 (2023).

A tono con lo anterior, nuestro Tribunal supremo ha expresado que los tribunales **"debemos ser celosos guardianes de nuestra jurisdicción", por lo que tenemos la indelegable labor de auscultarla, incluso cuando ello no se nos haya planteado**. (Énfasis nuestro). *Yumac Home v. Empresas Massó*, 194 DPR 96, 103 (2015). Así pues, "las cuestiones jurisdiccionales deben ser resueltas con preferencia, y de carecer un tribunal de jurisdicción lo único que puede hacer es así declararlo". *Pérez López y otros v. CFSE,* supra, pág. 883. Ello, ya que los tribunales no tenemos discreción para asumir jurisdicción donde no la tenemos. *Yumac Home v. Empresas Masso, supra*, pág. 103. Cuando este Foro carece de jurisdicción, procede la inmediata desestimación del recurso apelativo. *Freire Ruiz v. Morales Román*, 2024 TSPR 129, 214 DPR ____ (2024).

Por otra parte, un recurso presentado prematura o tardíamente priva insubsanablemente de jurisdicción y autoridad al tribunal ante el cual se recurre para atender el asunto, caso o controversia. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008). Estos tipos de recursos carecen de eficacia y no producen ningún efecto jurídico, pues, al momento de su presentación, su naturaleza prematura o tardía hace que el foro apelativo no tenga autoridad alguna para acogerlo. Íd. Conforme a lo que antecede, este Tribunal de Apelaciones puede desestimar, *motu proprio*, un recurso prematuro o tardío por carecer de jurisdicción. Regla 83 (B) (1) y (C) del Tribunal de Apelaciones*, In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 42, págs. 109-110, 215 DPR ____ (2025).

**-C-**

El derecho a cuestionar una resolución administrativa mediante revisión judicial proviene del derecho constitucional al debido proceso de ley, y por ello, es indispensable que las agencias cumplan cabalmente con el requisito de notificación adecuada. *Picorelli López v. Depto. de Hacienda*, 179 DPR 720, 736 (2010). **Para que todo procedimiento cumpla con el debido proceso de ley en su vertiente procesal, se requiere que, en primer lugar, que se cumpla con una notificación adecuada**. (Énfasis suplido) Íd. El deber de notificar a las partes adecuadamente no constituye un mero requisito, esto ya que una notificación insuficiente puede traer consigo consecuencias adversas a la sana administración de la justicia. *Olivo v. Srio. de Hacienda*, 164 DPR 165, 178 (2005).

Una notificación adecuada brinda a las partes la oportunidad de advenir en conocimiento real de la determinación tomada, y les otorga una mayor oportunidad de decidir si ejercen o no los remedios disponibles en ley. *Picorelli López v. Depto. de Hacienda*, *supra,* pág. 737. Así, "se obtiene un balance justo entre los derechos de todas las partes y se logra un ordenado sistema de revisión judicial". Íd. En protección de este derecho, el Tribunal Supremo resolvió que **"no se le pueden oponer los términos jurisdiccionales para recurrir de una determinación administrativa a una parte que no ha sido notificada de dicha determinación conforme a derecho"**. (Énfasis suplido) *Comisión Ciudadanos v. G.P. Real Property*, 173 DPR 998, 1015 (2008).

**III.**

En su único señalamiento de error, el recurrente argumentó que la Junta de Retiro erró al determinar que carecía jurisdicción bajo el fundamento de que el señor Marrero radicó su solicitud de manera tardía en dos instancias. El recurrente sostuvo que ello no procedía en derecho pues la notificación en la cual le indicaron la pensión que

recibiría, fue una defectuosa, por lo cual los términos no habían transcurrido y, por lo tanto, lo que procedía era que se emitiera una nueva notificación.

Como es sabido, las cuestiones relativas a la jurisdicción de un tribunal para atender ciertas controversias deben resolverse con preferencia. Por consiguiente, de entrada, resolvemos que este Tribunal de Apelaciones carece de jurisdicción para atender la controversia que nos ocupa.

En lo aquí pertinente, de un examen minucioso de la totalidad del expediente administrativo, se desprende que 18 de marzo de 2025, el Director Ejecutivo de la Junta de Retiro emitió una determinación, notificada el **19 de marzo de 2025**. Mediante la aludida determinación, se le notificó al Sr. Marrero que luego de evaluada su petición de reconsideración, se determinó que su pensión se calculó correctamente. Además, se le indicó que, de no estar conforme con la determinación, podría presentar un escrito de apelación ante la Secretaría de la Junta de Retiro, en un término de treinta (30) días. Además, **le informaron que le habían incluido un Pliego de Advertencias y las Reglas Generales que aplicaban a las solicitudes de reconsideración o apelación ante la Junta de Directores.** Sin embargo, es meritorio destacar que del expediente ante nuestra consideración no surge copia del referido Pliego de Advertencias y las Reglas Generales que aplican a las solicitudes de reconsideración o apelación ante la Junta de Directores. Por lo tanto, la notificación emitida por la agencia no cumplió con los requisitos establecidos en la sección 3.14 de la LPAUG, *supra.* Por consiguiente, estamos ante una notificación inadecuada que priva a las partes de su derecho constitucional al debido proceso de ley.

En mérito de lo anterior, resolvemos que nos encontramos en una etapa prematura para disponer de la controversia. Ante tales circunstancias, procede devolver el caso a la Junta de Retiro para que se cumpla con lo dispuesto en la Sección 3.14 de la LPAUG, *supra.*

Luego de que la agencia recurrida emita una notificación conforme a derecho, el recurrente estará en posición de, si desea, presentar su recurso ante la Junta de Retiro, y de no estar de acuerdo con esta, acudir en revisión administrativa ante este foro.

IV.

Por los fundamentos antes expuestos, ***desestimamos*** el recurso por falta de jurisdicción.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones